**UNITED STATES v. GARDNER et al.**

Civil Action No. 5830.

District Court, N. D. Alabama, S. D.

July 9, 1947.

George W. Meuth, Sp. Asst. Atty. Gen., John D. Hill, U. S. Atty., and Wm. H. Burton, Asst. U. S. Atty., both of Birmingham, Ala., for the United States.

Taylor & Jeffrey, of Birmingham, Ala., for defendants.

LYNNE, District Judge.

The above entitled and numbered action having come on for hearing on June 19, 1947, and the Court having duly considered the pleadings, the evidence introduced during the trial, the oral argument of counsel for the respective parties, and being sufficiently advised in the premises hereby makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. This is a civil action instituted by the United States of America under the provisions of Sections 3490–3492, and Section 5438 of the Revised Statutes of the United States, 31 U.S.C.A. §§ 231–233, to recover the forfeitures and double damages provided by Section 3490 on account of certain acts alleged to have been committed by the defendants in violation of Section 5438 in connection with the furnishing of Butane Gas to certain Federal housing projects located at or near the towns of Sylacauga and Childersburg, State of Alabama.

2. At all times hereinafter mentioned the defendant Cecil Gardner was doing business in Sylacauga, Alabama, under the name of Automatic Gas Company, and the defendant James A. Bushnell was the man-

ager of the aforementioned housing projects. Neither of said defendants is in the military or naval services of the United States, or in the militia called into or actually employed in the service of the United States.

3. The Federal Public Housing Authority is an agency of the United States. That the United States, acting by and through this agency, acquired the aforementioned housing projects, and that during the time referred to herein was the owner of said projects.

4. The Childersburg Housing Authority and the Sylacauga Housing Authority are public corporations created in the State of Alabama pursuant to the Housing Authorities Act of Alabama of 1935, as amended, Code 1940, Tit. 25, § 5 et seq.

5. That the United States acting by and through the Federal Public Housing Authority leased the aforementioned housing projects to the aforementioned Alabama housing authorities; the housing projects located at Childersburg having been leased to the Childersburg Housing Authority and the housing projects located at Sylacauga having been leased to the Sylacauga Housing Authority. The contracts of lease and rental covering the Childersburg housing projects being dated as follows: Contract covering Housing Project Ala–1071 dated January 28, 1942; contract covering Housing Project Ala–1075 dated April 16, 1942; and covering Housing Project Ala–1078 dated February 15, 1942. The contracts of lease and rental covering the Sylacauga Housing Projects being dated as follows: Contract covering Housing Project Ala–1072 dated September 25, 1941; contract covering Housing Project Ala–1076 dated April 16, 1942.

6. That each of said indentures of lease and rental provided for the advancement by the United States acting by and through the Federal Public Housing Authority, of initial operating expenses to said authorities; provided that said Authority would have complete supervision as to the selection of tenants, as to the rentals to be charged, and all of the details of operation by the aforesaid housing projects, including the selection of a manager for said projects. That

pursuant to the aforementioned contract provisions James A. Bushnell was selected as the manager for the Childersburg housing projects and as manager for the Sylacauga housing projects. That during the period covered by the complaint herein James A. Bushnell acted as the manager for the aforementioned housing projects.

7. That under the provisions of the aforementioned indentures of lease and rental the United States of America was to receive quarterly rental payments in an amount equal to the net revenues of the aforementioned projects, the net revenues being the amount remaining after payment of costs of operation and maintenance, including the cost of Butane Gas furnished to the projects.

8. That the United States of America entered into certain contracts with Cecil Gardner, doing business as the Automatic Gas Company, whereby the defendant Cecil Gardner contracted to furnish Butane Gas to the aforementioned housing projects. The contracts for the respective housing projects being as follows: Ala–1072 dated September 25, 1941; Ala–1071 dated January 28, 1942; Ala–1075 dated April 16, 1942; Ala–1076 dated April 16, 1942; Ala–1078 dated February 15, 1943.

9. The defendants entered into and engaged in an agreement, combination and conspiracy to defraud the United States by obtaining the payment and allowances of false, fictitious and fraudulent claims.

(a) In pursuance of said conspiracy the defendant Gardner submitted to the defendant Bushnell, as manager of the aforementioned housing projects, numerous claims for Butane Gas allegedly delivered to the Childersburg and Sylacauga housing projects, when in fact the full amount of Butane Gas invoiced on said claims had not been delivered;

(b) the defendant Bushnell with knowledge of the falsity of said claims caused the aforementioned housing authorities to make payment of the full amount of said claims; and

(c) overcharges made by Gardner for Butane Gas which Bushnell as housing manager caused to be paid as aforesaid are found to be as follows:

| Project | Quarter | Gallons of Butane Gas Overcharged | Amount of Over-charge |
|---|---|---|---|
| Childersburg | First, 1943 | 2299 | $251.74 |
| " | Second, 1943 | 4875 | 518.76 |
| " | Third, 1943 | 5787 | 617.89 |
| " | Fourth, 1943 | 11714½ | 1235.42 |
| " | First, 1944 | 6829 | 738.30 |
| " | Second, 1944 | 6178 | 647.66 |
| Sylacauga | Second, 1943 | 4988 | 511.27 |
| " | Third, 1943 | 4908 | 503.07 |
| " | Fourth, 1943 | 5656 | 579.74 |

10. That defendant Bushnell, while acting as the manager of the Childersburg and Sylacauga housing projects, knowingly submitted to the Federal Public Housing Authority, an agency of the United States, false and fictitious quarterly reports, accounting for the revenues received and disbursed, in that the overcharges of each of the aforesaid quarters were included in each respective item stating the cost of Butane Gas used in the operation of these housing projects. The quarterly reports so submitted were as follows: ·

| Project | Quarterly Period | |
|---|---|---|
| Childersburg | First, 1943 | March 1, 1943 to April 1, 1943 |
| " | Second, 1943 | April 1, 1943 to July 1, 1943 |
| " | Third, 1943 | July 1, 1943 to October 1, 1943 |
| " | Fourth, 1943 | October 1, 1943 to January 1, 1944 |
| " | First, 1944 | January 1, 1944 to April 1, 1944 |
| Sylacauga | Second, 1943 | July 1, 1943 to October 1, 1943 |

The defendants caused to be submitted to Federal Public Housing Authority false and fictitious quarterly reports wherein were included the overcharges for Butane Gas for the second quarter of 1944 of the Childersburg project, and the third and fourth quarters of 1943 of the Sylacauga project, which reports are as follows:

| Project | Quarterly Period |
|---|---|
| Childersburg | Second—April 1, 1944 to July 1, 1944 |
| Sylacauga | Third—July 1, 1943 to October 1, 1943 |
| " | Fourth—October 1, 1943 to January 1, 1944 |

11. That the quarterly payments due the United States on account of the operation of the Childersburg and Sylacauga housing projects was reduced in an amount equal to the respective overpayments, and that the United States has thereby been damaged in the aggregate amount of $5,603.85.

#### Conclusions of Law.

From the foregoing facts the court makes the following conclusions of law:

1. That the court has jurisdiction of the parties and of the cause of action herein.

2. That the plaintiff has the burden of proving the allegations of the complaint by a preponderance of the evidence.

The court is of the opinion that the plaintiff has not only sustained this burden, but that the plaintiff's evidence also establishes these allegations beyond a reasonable doubt.

3. The defendants caused false claims to be presented to the United States, knowing such claims to be false, fictitious and fraudulent in violation of the first clause of Section 5438 of the Revised Statutes of the United States.

4. For the purpose of obtaining or aiding to obtain the payment and approval

of false claims upon the United States, the defendants made, used, or caused to be made or used, false invoices, claims, and certificates, knowing the same to contain fraudulent, fictitious statements or entries in violation of the second clause of Section 5438 of the Revised Statutes of the United States.

5. The defendants entered into an agreement, combination or conspiracy to defraud the United States by obtaining payment or allowances of false or fraudulent claims in violation of the third clause of Section 5438 of the Revised Statutes of the United States.

6. That the conduct of the defendants in connection with each of the nine quarterly reports mentioned above constitute a clearly individualized, separate and distinct violation of Section 5438 of the Revised Statutes of the United States.

7. That under the provisions of Section 3490 of the Revised Statutes of the United States, the United States is entitled to recover of and from the defendants jointly and severally the sum of $2,000 for each of the nine violations of Section 5438 of the Revised Statutes of the United States and in addition thereto double the amount of damages which the United States sustained by reason of the doing or committing of the aforementioned acts, or the aggregate sum of $29,207.70, together with its costs herein expended.