**Ralph MORGAN, Plaintiff,**

v.

**BUREAU OF ALCOHOL, TOBACCO, FIREARMS, etc.,[1] Defendant.**

**No. CIV-2-74-57.**

United States District Court, E. D. Tennessee, Northeastern Division.

July 31, 1974.

1. [1] This action is properly against the United States. The Congress has not constituted the Treasury Department or any of its divisions or bureaus a body corporate or authorized to be sued *eo nomine*. See Baumohl v. Columbia Jewelry Company, D.C.Md. (1955), 127 F.Supp. 865, 867 [1]. The title hereof hereby is amended, so as to reflect that the defendant is the United States of America. Rule 21, Federal Rules of Civil Procedure.

Alfred W. Taylor, Milligan College, Tenn., for plaintiff.

Charles N. Stedman, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

By amended complaint,[2] the plaintiff seeks equitable relief by the return of certain firearms and ammunition which were administratively forfeited by the Secretary of the Treasury (Secretary) to the United States. The plaintiff appears to undertake to invoke the juris-

diction of this Court under 28 U.S.C. §§ 1346(a)(1), 1355, 1395(a), and 26 U.S. C. § 7301 et seq. The defendant has moved for a dismissal of the action prior to the amendment on the ground, *inter alia,* that the Court lacks subject matter jurisdiction. Rule 12(b)(1), Federal Rules of Civil Procedure.

■ 28 U.S.C. § 1355 gives this Court exclusive original jurisdiction of an action or proceeding by the national government for the recovery or enforcement of any fine, penalty, or forfeiture, incurred under any Act of Congress. *Cf.* United States v. Gardner, D.C.Ala. (1947), 73 F.Supp. 644. 28 U.S.C. § 1395(a) gives the national government the right to prosecute a civil proceeding for the forfeiture of property. *Cf.* United States v. Phillips Petroleum Co., D.C.Del. (1947), 36 F.Supp. 480, 485 [9]. Obviously, neither of these statutes provide a predicate for the plaintiff's action seeking to recover herein forfeited property.

It is undisputed herein that the aforementioned firearms and ammunition were seized by federal revenue agents on July 15, 1972; that a delegate of the Secretary notified the plaintiff that the final date by which he could claim such property was September 13, 1972; that such delegate notified the plaintiff by letter of August 29, 1972 of the various methods by which the plaintiff might assert his right to such property; that the plaintiff filed on September 13, 1972 an administrative petition for the remission or mitigation of the administrative forfeiture thereof, 19 U.S.C. § 1618, and that such petition was denied by the Secretary on November 10, 1972.

■ The plaintiff contends that his administrative petition for remission or mitigation of the forfeiture constituted

---

**2.** No responsive pleading, *cf.* Kroger Company v. Adkins Transfer Company, D.C.Tenn. (1968), 284 F.Supp. 371, 374 [1], and Environmental Defense Fund v. The Tennessee Valley Authority Et Al., D.C.Tenn. (1973), civil action no. 1130, this district, Winchester Division, memorandum opinion and order of March 21, 1973, having been served by the defendant, the plaintiff was entitled to amend his pleading one time as a matter of course. Rule 15(a), Federal Rules of Civil Procedure.

a claim under 26 U.S.C. § 7325(3), and that he belatedly filed a cost bond in connection with such claim. Epps v. Bureau of Alcohol, Tobacco & Firearms, Etc., D.C.Tenn. (1973), 375 F.Supp. 345, affirmed C.A. 6th (1974), 495 F.2d 1373 (table). However, the exhibits on file herein reflect that the plaintiff elected not to make a claim under 26 U.S.C. § 7325(3), but rather elected to proceed administratively under 19 U.S.C. § 1618. The Court accordingly rejects this theory of the plaintiff and jurisdiction under 26 U.S.C. § 7325(3).

The plaintiff contends further that this Court has jurisdiction of this action under 28 U.S.C. § 1346(a)(1), which gives this Court original jurisdiction of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority of any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws. There is not merit to this contention.

■ Absent extreme circumstances, the plaintiff's election to proceed administratively, rather than to transfer jurisdiction to the federal district court, vests exclusive jurisdiction with the Secretary, and the exercise of discretion by the Secretary is not reviewable in this Court. See e. g., Jary Leasing Corporation v. United States, D.C.N.Y. (1966), 254 F.Supp. 157, 158–159 [1]. There are no such extreme circumstances present here. Although there are decisions indicating that 28 U.S.C. § 1346(a)(2)[3] provides a jurisdictional basis for an action seeking the return of forfeited property, see e. g., United States v. One 1961 Red Chevrolet Impala

Sedan, C.A. 5th (1972), 457 F.2d 1353; Menkarell v. Bureau of Narcotics, C.A. 3d (1972), 463 F.2d 88, 91[1]; Melendez v. Shultz, D.C.Mass. (1973), 356 F. Supp. 1205, 1208[1], the Supreme Court has foreclosed that issue, as follows:

\*   \*   \*   \*   \*   \*

\* \* \* The Tucker Act [viz.: 28 U.S.C. § 1346(a)(2)] plainly gives district courts jurisdiction over claims against the United States for money damages of less than $10,000 that are "founded . . . upon the Constitution." [Footnote reference omitted.] But the Act has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States. See United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90 (1889). The reason for the distinction flows from the fact that the Court of Claims has no power to grant equitable relief, \* \* \* and the jurisdiction of the district courts under the Act was expressly made "concurrent with the Court of Claims."
\* \* \*

Richardson v. Morris (1973), 409 U.S. 464, 93 S.Ct. 629, 630–631[2–3], 34 L. Ed.2d 647.

■ As the plaintiff seeks, not money damages, but equitable relief, it is clear that this Court lacks jurisdiction herein under 28 U.S.C. § 1346(a)(2). The defendant's motion to dismiss this action for want of jurisdiction of the subject matter hereby is granted, and the action hereby is dismissed for want of jurisdiction. Rule 12(b)(3), Federal Rules of Civil Procedure. Judgment will enter accordingly. Rule 58(1), Federal Rules of Civil Procedure.

---

3. "(a) The district courts shall have original jurisdiction \* \* \* of:
    \*     \*     \*     \*     \*
  (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitu-
tion, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. \* \* \* " 28 U.S.C. § 1346(a)(2).