T.C. Memo. 2003-11

UNITED STATES TAX COURT

ROBERT GUNSELMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6925-02L.                    Filed January 9, 2003.

Robert Gunselman, pro se.

<u>James Brian Urie</u>, for respondent.


MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before us on respondent's
motion for summary judgment under Rule 121[1] and to impose a
penalty under section 6673.  Respondent argues that no genuine
issue exists as to any material fact and that his determination

---

[1]All section references are to the Internal Revenue Code as
amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

to maintain a Federal tax lien filing and to proceed with a levy action should be sustained. At the time of filing the petition, petitioner resided in West Chester, Pennsylvania.

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A motion for summary judgment is granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993).

Petitioner filed joint income tax returns for taxable years 1995, 1996, 1997, 1998, and 1999. Those returns reported income taxes due; however, petitioner failed to pay the entire amounts of those taxes. Respondent assessed the taxes reported and also assessed interest and penalties. Respondent issued a notice of deficiency with respect to the 1997 joint tax return. Petitioner failed to file a petition to the Tax Court with respect to that

notice of deficiency.  Respondent assessed the deficiency determined in the notice of deficiency.[2]

On March 1, 2001, respondent issued to petitioner a "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320".[3]  The lien filing was made with respect to unpaid taxes stated as follows:

---

[2]After respondent assessed the taxes reported on petitioner's returns and the deficiency for 1997, petitioner filed Forms 1040X, Amended U.S. Individual Income Tax Return, for 1997, 1998, and 1999.  The returns for 1997 and 1998 state:

Line #1:  Due to ignorance, we reported as "income" sources of income as being "income" itself, when in fact we had no statutory income to report.

Line #23:  Apart from Line #1 above, we also had no statutory liability with respect to income taxes, and pursuant to our 1040X * * * [return] we would like a refund of all taxes paid with interest.

The amended return for 1999 adds:

Line #10:  Apart from #1 above, we also had no statutory liability with respect to income taxes, and pursuant to Code sec. 31(a.)(1.), we have a constitutional right to have the wage tax imposed in sec. 3402(a.)(1) refunded since it represents an unapportioned, direct tax on wages, and thus unconstitutional if we could not have them refunded because of the misleading caption on sec. 3402(a.)(1.) we did not realize that what was deducted from our pay was not income taxes but a direct tax on our wages.

[3]Respondent filed a Form 668(Y)(c), Notice of Federal Tax Lien, with the prothonotary of Montgomery County, Norristown, Pennsylvania.

| Type of tax | Period | Amount |
|---|---|---|
| 1040 | 12/31/1995 | $136.09 |
| 1040 | 12/31/1996 | 287.98 |
| 1040 | 12/31/1997 | 17,426.84 |
| 1040 | 12/31/1998 | 2,620.07 |
| 1040 | 12/31/1999 | 21,266.89 |

On February 15, 2001, respondent issued to petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing.  Petitioner filed Forms 12153, Request for a Collection Due Process Hearing, with respect to the notice of lien filing for the 1995, 1996, 1997, 1998, and 1999 tax liabilities and with respect to the notice of intent to levy for the 1997 and 1999 tax liabilities.  In those Forms 12153, petitioner argued:

> Summarizing:  I am requesting a "Due Process Hearing" as outlined in Form 12153.  I am "challenging the appropriateness of (the) collection action" as specified in 6330(c)(2)(A)(ii) since the IRS denied all of my requests for the initial "examinations" and "interviews" as provided for in Publications 1 & 5.  In addition, no lien for taxes pursuant to Code Sections 6321 and 6322 is possible because no valid, underlying assessment was ever made.  In addition, I never received the statutory "notice and demand" for payment of the taxes at issue as required by Code Sections 6203, 6321, and 6331.  If the appeals officer is going to claim that a particular document sent to me by the IRS was a "Notice and Demand" for payment, then I am requesting that he also provide me with a T.D. or Treas. Reg. which identifies that specific document as being the official, statutory "Notice and Demand" for payment.
>
> In addition, I am "challenging the existence of the underlying tax liability" as I am authorized to do in Code Section 6330(c)(2)(B).  In addition, I did not receive a (valid) notice of deficiency in connection with any of the years at issue.  I am also requesting

that the appeals officer have at the "Due Process Hearing" a copy of the "Summary Record of Assessment" (Form 23C) together with the "pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed, the taxable period, and the amount assessed" as provided for in Treas. Reg. 301.6203-1.

> Also you are reminded that the Section 6330(c)(1) [sic] REQUIRES you to have "verification from the Secretary (or someone with delegated authority from him) that the requirements of any applicable law or administrative procedures have been met." So unless you have, at the very least, that document, you should not even schedule a Due Process Hearing. In addition, don't tell me at the hearing that any requested and/or required documents will be "sent to me later." I expect that you will have all of these documents with you at the hearing.

> Also, I am again reiterating my request that if you claim an assessment was made, I expect that you will have at the Due Process Hearing a copy of the return from which the assessment was made.

A hearing was held on February 22, 2002.[4] In that proceeding, petitioner did not propose any collection alternatives. Instead, petitioner insisted repeatedly that the Appeals officer present to him a "pocket commission"[5] and demanded to see the statutory notice and demand for payment and "the verification" of the Secretary or his delegate. The Appeals officer used Forms 4340, Certificate of Assessments and Payments, to verify that the taxes were properly assessed and were unpaid

---

[4]The Appeals hearing was transcribed by a court reporter. The transcript is a part of the record before us.

[5]See Organization, Finance, and Management, Internal Revenue Manual, handbk. 1.16.4, ch. 3 (Feb. 19, 1999).

and that a notice and demand for payment had been made. The Appeals officer reviewed petitioner's joint returns for the relevant years, the notice of deficiency for 1997, the Forms 12153 that petitioner had filed, the administrative files for the years 1995 through 1999, the case history, and a 14-page fax transmittal from petitioner. The Appeals officer determined that all applicable laws and administrative procedures had been met. On March 12, 2002, the Internal Revenue Service (IRS) Office of Appeals issued a notice of determination sustaining the lien filings[6] and the proposed levy action.

Petitioner filed a petition on April 3, 2002, in which he alleges:

> a) At the CDP hearing the appeals officer provided no proof that the notice sent to the plaintiff notifying him of his right to a CDP hearing was sent by anyone delegated by the Secretary to do so (as required by 6330(a)(1)[)], and it is the plaintiff's contention that no such delegation of authority exists.
>
> b) At the hearing the appeals officer violated the law by not "presenting" plaintiff with the "verification from the secretary" as required by the Code Sections 6330(c)(1) and 6330(c)(3)(A), and it is the plaintiff's contention that no such "verification exists."
>
> c) No statutory Notice and Demand for payment was ever sent to plaintiff in connection with the taxes and or penalty at issue in accordance with the provisions

---

[6]The notice of determination released the lien filing with respect to the 1995 and 1996 tax liabilities since those taxes were paid in full. The notice determined that the lien filing with respect to the 1997, 1998, and 1999 tax liabilities should be maintained.

and requirements of Code Sections 6303, 6321, and 6331.
* * *

      d) No statute in the Internal Revenue Code
establishes the "existence ...of the underlying (income
tax) liability" as referred to in 6330(c)(2)(B), and
the United States will not be able to identify for this
Court any statute that establishes any such tax
liability as for example Code sections 4401(c), 5005(a)
and 5703(a) impose liabilities to wagering, alcohol and
tobacco taxes.

      e) L.G. Dowd who signed the Deficiency Notice at
issue was never delegated by the Secretary to prepare
and send out Deficiency Notices as required by 26
USC6212, and the United States will not be able to
supply this Court with any such Delegation of Authority
emanating from the Secretary.

      f) The United States will not be able to identify
or produce a legislative regulation that would have
required Petitioner to petition [the] Tax Court in
order to avoid the assessment of the deficiency at
issue.

      g) It is a fact that the United States will not be
able to identify for this Court any statute that allows
IRS employees to attribute to the petitioner an amount
of tax greater than what petitioner showed on his 1997,
1998 and 1999 tax returns.

      h) At the CDP hearing the appeals officer produced
no delegation order from the Secretary and no
enforcement "pocket commission" that would support the
authority of those who signed the Notice of Lien at
issue to do so, and petitioner contends that no such
material documentation exists.

After reviewing the pleadings and the materials in the record, we

find that no genuine issue of material fact exists and that

respondent's determination should be sustained as a matter of

law.

Under section 6330(c)(2)(B), taxpayers may raise challenges to the existence or amount of their underlying tax liability if they did not receive a notice of deficiency or did not otherwise have an opportunity to dispute that tax liability.[7]  In the course of the Appeals Office proceedings, in his petition filed with this Court, and in his notice of objection to respondent's motion for summary judgment, petitioner did not raise any legitimate issues regarding his underlying tax liabilities. Instead, petitioner contends that there is no Internal Revenue Code section that makes him liable for taxes.[8]  We have consistently rejected this type of frivolous, tax-protester argument, and we perceive no reason, nor are we required, to address such contentions.  See, e.g., Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Keene v. Commissioner, T.C. Memo. 2002-277; Hall v. Commissioner, T.C. Memo. 2002-267.  We also find frivolous and groundless petitioner's argument that the

---

[7]Petitioner received a notice of deficiency for his 1997 taxable year.  His remaining tax liabilities are attributable to amounts which were reported on joint tax returns for 1997, 1998, and 1999.  We avoid herein whether the self-reporting of taxes on a return constitutes an opportunity to dispute those taxes for purposes of sec. 6330(c)(2)(B).  See Horn v. Commissioner, T.C. Memo. 2002-207.

[8]In the proceedings before IRS Appeals, petitioner challenged the "existence" of an income tax liability.  He stated that he was not disputing the "amount" of the alleged income tax liabilities.  Indeed, he repeatedly exclaimed that he would pay the tax liabilities at issue if the Appeals officer showed him the Code section(s) that makes him "liable" for, or requires him to "pay", income taxes.

notice of deficiency for 1997 is invalid because the Commissioner's representative who signed the notice did not have a delegation of authority from the Secretary.[9] <u>Nestor v. Commissioner</u>, 118 T.C. 162 (2002); <u>Davich v. Commissioner</u>, T.C. Memo. 2002-255. We address petitioner's remaining contentions to determine whether the Appeals officer abused his discretion. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120 (2001).

Section 6330(c)(1) requires the Appeals officer to verify that the requirements of any applicable law or administrative procedure have been met. However, section 6330(c)(1) does not require the Appeals officer to rely on a particular document to satisfy his verification function. <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51. Further, that Code section does not require the Appeals officer to provide a copy of the verification that the requirements of any applicable law or administrative procedure have been met. <u>Nestor v. Commissioner</u>, <u>supra</u> at 166. In the instant case, the Appeals officer relied upon Forms 4340 to verify that the assessments were made, that notice and demand for payment was sent to petitioner, and that the tax liabilities remained unpaid. At the hearing, the Appeals officer provided petitioner with copies of the Forms 4340.

---

[9]The Secretary or his delegate is authorized by statute to issue a notice of deficiency. Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i). The notice of deficiency herein was signed by Deborah Reilly, Director, Philadelphia Customer Service Center.

Petitioner has not alleged any irregularities with respect to respondent's assessment procedures, and the Forms 4340 provide at least presumptive evidence that the taxes were validly assessed. Nicklaus v. Commissioner, supra at 121. The Forms 4340 herein contain all the information prescribed in section 301.6203-1, Proced. & Admin. Regs., including identification of the taxpayer, the character of the liability assessed, the taxable period, and the amount of the assessment. The Appeals officer did not abuse his discretion in relying on the Forms 4340 to verify the validity of the assessments. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Davis v. Commissioner, 115 T.C. 35, 40 (2000).[10]

The Forms 4340 show that respondent issued to petitioner notices of balance due for the 1997, 1998, and 1999 tax liabilities on September 18, 2000, June 7, 1999, and June 5, 2000, respectively. The notices of balance due constitute a

---

[10]Petitioner contends, however, that the Commissioner does not have authority to determine deficiencies in amounts exceeding those amounts which were reported on a taxpayer's income tax returns. Presumably, petitioner is relying on the amended returns which he filed and on which he reported no taxes owing. It is clear that the assessments were based on the taxes petitioner reported on his original returns. See sec. 6211(a)(1)(A). Those assessments were valid, and the subsequent filing of amended returns does not result in those assessments' being invalid. We also reject as frivolous petitioner's argument that he was not required to file a petition with the Tax Court in order to avoid the assessment of the deficiency determined in the notice of deficiency for 1997. See sec. 6213(c).

notice and demand for payment for purposes of section 6303(a).[11]
Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992);
Weishan v. Commissioner, T.C. Memo. 2002-88.  The Appeals officer
did not abuse his discretion in relying on the Forms 4340 to
verify compliance with section 6303(a).  The Appeals officer was
not required to produce copies of the notices of balance due at
the hearing.

The Appeals officer did not abuse his discretion in refusing
to produce his enforcement pocket commission at the Appeals
hearing.  Further, he did not abuse his discretion in refusing to
produce the enforcement pocket commission of the IRS
representative who signed the notice of lien filing.  We
similarly reject petitioner's contentions that the IRS
representative who signed the notices sent to petitioner did not
have a delegation of authority from the Secretary.[12]

---

[11]Petitioner argued at the Appeals hearing that a notice and
demand for payment must comply with a 1914 Treasury decision,
which requires a Form 17 be used.  We have previously rejected
that argument.  Keene v. Commissioner, T.C. Memo. 2002-277;
Davich v. Commissioner, T.C. Memo. 2002-255; Tapio v.
Commissioner, T.C. Memo. 2002-141.

[12]The Secretary or his delegate, including the Commissioner,
is authorized by statute to issue a notice of Federal tax lien, a
notice of Federal tax lien filing and right to a hearing under
sec. 6320, and a notice of intent to levy and right to a hearing
under sec. 6330.  Secs. 6320(a), 6323(a), 6330(a), 6331(d),
7701(a)(11)(B) and (12)(A)(i); see also Wilson v. Commissioner,
T.C. Memo. 2002-242; secs. 301.6320-1(a)(1), 301.6330-1(a)(1),
Proced. & Admin. Regs.

Petitioner has failed to raise a spousal defense, and he does not suggest any collection alternatives. He has conceded those matters. See Rule 331(b)(5). We find that no genuine issue as to any material fact remains and, accordingly, we sustain the Appeals officer's determination to maintain the lien filing and proceed with the proposed levy.

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. In the instant case, petitioner has raised the same tax protester arguments that we have previously and consistently rejected as frivolous and groundless. At the Appeals hearing, petitioner was given a copy of our opinion in Pierson v. Commissioner, 115 T.C. 576 (2000), and he was warned against asserting those arguments in the Tax Court. Petitioner stated in response: "I don't have to abide by any Tax Court decision, and you know that." We are convinced that petitioner instituted and maintained these proceedings primarily for delay, and, accordingly, we impose a penalty of $1,000.

An appropriate order and decision will be entered for respondent.