**Jerry W. FAIRCHILD, et al.**

v.

**INTERNAL REVENUE SERVICE, et al.**

No. CIV.A. 06–252–JJB.

United States District Court, M.D. Louisiana.

Aug. 1, 2006.

Jerry W. Fairchild, Denham Springs, LA, pro se.

Karen Fairchild, Denham Springs, LA, pro se.

John Joseph Gaupp, United States Attorney's Office, Baton Rouge, LA, Laura M. Conner, U.S. Department of Justice, Washington, DC, for Internal Revenue Service, et al.

## RULING ON DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(1), (2), (5), and (6)

BRADY, District Judge.

This matter is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (5), and (6) (doc. 6), filed by defendants, Internal Revenue Service, Sheila Christeghe and Tim L. Moore, dated May 5, 2006. Plaintiffs has filed an opposition (doc. 10). There is no need for oral argument. Subject matter jurisdiction is based on 28 U.S.C. § 1331.

## I. BACKGROUND

On February 2, 2006, plaintiffs, Jerry W. Fairchild and Karen Fairchild, filed their Verified Complaint in the Twenty–First Judicial District Court, Livingston Parish, State of Louisiana. The defendants in this suit include the Internal Revenue Service and two individually named IRS employees, Sheila Christeghe and Tim L. Moore. The named defendants properly removed this action to federal court on March 31, 2006, pursuant to 28 U.S.C. § 1442(a).

The plaintiffs seek the removal or cancellation of various Notices of Federal Tax Liens filed in Livingston Parish with respect to their various federal tax liabilities. The plaintiffs challenge the procedural validity of the notices but do not dispute their tax liabilities. In particular, the plaintiffs argue that the Notices of Federal Tax Liens are invalid (1) because only officers of the Bureau of Alcohol, Tobacco and Firearms, and not Internal Revenue Service agents, are authorized to file Notices of Federal Tax Liens; and (2) because the United States did not first bring an action to foreclose its liens before filing the Notices of Federal Tax Liens.

## II.  SUMMARY OF ARGUMENTS:

The defendants have now filed this motion, wherein they seek to have the plaintiffs' claims dismissed for the following reasons:

1.  The plaintiffs have failed to effect service of process, and, as a result, the Court lacks personal jurisdiction over the plaintiffs.

2.  The named defendants are improper parties to this action.

3.  The plaintiffs have failed to establish an effective waiver of sovereign immunity.

4.  The plaintiffs have failed to state a claim upon which relief may be granted.

In their opposition to this motion, the plaintiffs do not challenge the validity of the defendants' argument.  Instead, they petition the Court to remand this action back to sate court for lack of subject matter jurisdiction.  However, there is no need to address on that issue at this time because it has already been ruled (doc. 11) that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  In the following, each of the reasons listed by the defendants to support their motion to dismiss will be examined.

## III.  ANALYSIS:

### 1.  PLAINTIFFS HAVE FAILED TO EFFECT SERVICE PROCESS.

The defendants first argue that the plaintiffs' claims should be dismissed because the plaintiffs have failed to effect service of process and, as a result, the Court lacks personal jurisdiction over the defendants.

Title 28, United States Code, section 2410 permits a taxpayer to bring suit against the United States to challenge the procedural validity of federal tax liens. *See McCarty v. United States*, 929 F.2d 1085, 1088–89 (5th Cir.1991).  A taxpayer who, like the plaintiffs, initially brings such action in state court must effect service by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia. 28 U.S.C. § 2401(b).

■ It is undisputed that the plaintiffs failed to properly serve the defendants.  The defendants assert that due to the plaintiffs' failure to effect service process, the Court lacks personal jurisdiction over the defendants.  Proper service is required to obtain jurisdiction over the United States.  *See Sanchez–Mariani v. Ellingwood*, 691 F.2d 592, 594 (1st Cir. 1982); *Smith v. McNamara*, 395 F.2d 896, 898 (10th Cir.1968), cert. denied sub nom; *Smith v. Laird*, 394 U.S. 934, 89 S.Ct. 1211, 22 L.Ed.2d 466 (1969), and reh'g denied, 394 U.S. 995, 89 S.Ct. 1477, 22 L.Ed.2d 773 (1969).  It is only through proper service in the manner required by the federal rules that invests a court with jurisdiction to adjudicate a plaintiff's action against a named and properly served federal defendant.  A defendant's actual notice of the pendency of an action is irrelevant if service fails to comport with the statutory requirements for proper service. *See Wuchter v. Pizzutti*, 276 U.S. 13, 24, 48 S.Ct. 259, 72 L.Ed. 446 (1928); *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir.1995); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir.1988).

### 2.  PLAINTIFFS HAVE FAILED TO NAME A PROPER DEFENDANT.

■ Next, the defendants argue that the plaintiffs' claims should be dismissed

because the plaintiffs have failed to name a proper defendant. This argument is well-supported by case law. The plaintiffs have named the Internal Revenue Service as a defendant. However, courts have held that the IRS can be neither sue nor be sued. *See, e.g., Castleberry v. Alcohol, Tobacco and Firearms Div. of the Treasury Dep't of the United States,* 530 F.2d 672, 673 n. 3 (5th Cir.1976) ("[T]he Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized them to be sued eo nomine."); *Morgan v. Bureau of Alcohol, Tobacco and Firearms, 389 F.Supp. 1099, 1099 (E.D.Tenn.1974).*

As defendants point out, the proper party is the United States. An action pursuant to Title 28, United States Code, section 2410 may be brought exclusively against the United States. Section 2410(a) specifically authorizes the action against the United States, not against the IRS or individual employees of the IRS. The IRS and the two individually named IRS employees, therefore, are not proper parties and should be dismissed from this action.

### 3. PLAINTIFFS HAVE FAILED TO ESTABLISH A WAIVER OF SOVEREIGN IMMUNITY.

The defendants' third argument is that, even if the plaintiffs have correctly name the United States as the defendant, their claims should still be dismissed because plaintiffs have failed to establish a waiver of sovereign immunity.

▮ The United States is immune from suit unless it consents to be sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The Fifth Circuit held that waivers of sovereign immunity must be narrowly read and cannot be construed to extend or narrow the waiver granted by Congress. *McCarty,* 929 F.2d at 1087; *Estate of Johnson,* 836 F.2d 940, 943 (5th Cir.1988);

*Houston v. United States Postal Service,* 823 F.2d 896, 898 (5th Cir.1987). *Garcia v. United States,* 776 F.2d 116, 118 (5th Cir.1985). Therefore, as the defendants indicate, although section 2410 provides a limited waiver of sovereign immunity, the plaintiffs must strictly meet the statute's mandates before the waiver is effective. As noted above, section 2410 demands service upon the United States attorney and the U.S. Attorney General, and plaintiffs have failed to meet that prerequisite. Consequently, the plaintiffs have not effectively invoked section 2410's waiver of sovereign immunity, and their claims should be dismissed.

### 4. PLAINTIFFS HAVE FAILED TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED.

▮ Finally, the defendants contends that, even if the plaintiffs had established a waiver of sovereign immunity under section 2410, their claims still should be dismissed because they have failed to state any claims upon which relief may be granted. Having carefully considered statutory rules, and the arguments of the parties, the Court agrees with the defendants that the plaintiffs assert no legitimate reason that IRS failed to follow proper procedures in filing the Notices of Federal Tax Liens.

The plaintiffs argue that the Notices of Federal Tax liens are invalid because the United States did not first bring an action to foreclose its liens before filing the Notices. That argument misapprehends the function of the Notice of Federal Tax Lien. When a person refuses or neglects to pay a tax after the IRS makes demand for payment, a lien for the amount of the unpaid liability automatically arises against all property and rights to property belong to that person. 26 U.S.C. § 6321. The statutory lien in favor of the United States

arises as of the date the liability is assessed. *Id.* § 6321. Although the lien attaches as of the assessment date, Congress has provided that the statutory lien will not be valid against certain classes of third party creditors until notice of the lien (i.e., a Notice of Federal Tax Lien) has been filed by the Secretary of the Treasury or his delegate. *Id.* §§ 6323(a); 7701(a)(11)(B) ("The term 'Secretary' means the Secretary of the Treasury or his delegate."). Section 6323(a) directly authorizes the Secretary of the Treasury or his delegate to file Notices of Federal Tax Liens, without imposing any requirement that the United States first obtain a judicial order of foreclosure. That authorization makes sense, given the function of a Notice of Federal Tax Lien as an administrative tool to protect the United States' interest in a taxpayer's property, as against other specified creditors.

The plaintiffs misconstrue Internal Revenue Code section 7403 (26 U.S.C.) as requiring the Untied States to bring an action to foreclose its tax liens before the Secretary or his delegate may file a Notice of Federal Tax Lien. Section 7403 authorizes the Attorney General or his delegate, at the direction of the Secretary, to file a civil action in federal district court to enforce the federal tax lien of the United States. The plaintiffs misinterpret section 7403 to mean that a Notice of Federal Tax Lien can be filed only after the United States has obtained judgment in a foreclosure action. The plaintiffs confuse the United States' right to judicially enforce its tax liens, as well as the United States' ability to obtain a judgment lien after being awarded a dollar judgment against a delinquent taxpayer, with the administrative filing of a Notice of Federal Tax Lien. Section 7403 makes no mention of the re-

quirement that the plaintiffs try to read into it.

In addition, the plaintiffs' reading of section 7403 makes no sense, given the function of a Notice of Federal Tax Lien as protecting the priority of the federal tax lien against certain types of other creditors. When the United States brings an action to foreclose its tax liens, "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." 26 U.S.C. § 7403(b). In the foreclosure action,the competing priorities of all creditors who have an interest in the property most likely will be ranked, unless it is clear that a judicial sale of the property at issue will garner sufficient proceeds to pay all creditors' claims. The Notice of Federal Tax Lien could not perform its function of protecting the priority of the federal tax lien, as against certain other creditors, if it could not be filed until the conclusion of the foreclosure action. The plaintiffs' argument regarding section 7403 is contrary to the plain language of that statute, and it makes no logical sense in the overall framework of how tax liens arise and how tax liens are enforced.

■ The plaintiffs also misconstrue Internal Revenue Code section 6323(f) when they argue that it "cede[s] jurisdiction on the filing of Federal Tax Liens to the State." Compl. ¶ 4. Section 6323(f) governs the place of filing of the Notice of Federal Tax Lien. In the case of either real or personal property, the Notice of Federal Tax Lien shall be filed "in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated."[1] 26 U.S.C. § 6323(f)(1)(A). If the

---

1. Real Property is deemed situated "at its physical location," 26 U.S.C. § 6323(f)(2)(A), and personal property is deemed situated "at the residence of the taxpayer at the time the notice of lien is filed," *id.* § 6323(f)(2)(B).

state has not designated one office that meets the requirements of section 6323(f)(1)(A), then the Notice of Federal Tax Lien shall be filed with the clerk of the federal district court for the district in which the property subject to the lien is situated. Id. § 6323(f)(1)(B). In addition, section 6323(f) grants the Secretary of the Treasury, or his delegate, authority to prescribe the "form and content of the notice." *Id.* § 6323(f)(3). Section 6323(f) cedes no authority to the states regarding the Notice of Federal Tax Lien, except, within its own specifically defined parameters, to designate an office for the filing of the Notice.

The Louisiana Legislature has designated a place for filing Notices of Federal Tax Liens in accordance with Internal Revenue Code section 6323(f)(1)(A). *See* La.Rev. Stat. § 52:52. That statute also specifically recognizes that "[t]he document entitled 'Notice of Federal Tax Lien Under Internal Revenue Laws' utilized nationwide by the Internal Revenue Service shall be accepted by all filing officers." *Id.* § 52:52(C)(2). Contrary to the plaintiffs' contentions, the Notices of Federal Tax Liens that the plaintiffs attached to their complaint were filed precisely in accordance with Internal Revenue Code section 6323(f) and Louisiana Revised Statutes section 52:52.

█ Finally, the plaintiffs contend that the Notices of Federal Tax Liens filed in relation to their outstanding federal tax liabilities are invalid because the IRS employees who filed them lacked authority to do so. Specifically, the plaintiffs allege that only agents of the Bureau of Alcohol, Tobacco and Firearms (ATF) are authorized to file Notices of Federal Tax Liens. As mentioned above, Congress has authorized the Secretary of the Treasury or his delegate to file Notices of Federal Tax Liens. 26 U.S.C. §§ 6323(a); 7701(a)(11)(B). The IRS Delegation Order regarding the authority to file tax liens that was in effect at the time these Notices of Federal Tax Liens were filed in 1996 and 1997 shows that authority to file such Notices falls within the ambit of the IRS, not the ATF.

█ The plaintiffs' related contentions that IRS agents lack an "enforcement pocket commission" and are authorized to work only in connection with taxes arising under Internal Revenue Code Subtitle E (i.e., alcohol, tobacco and certain other excise taxes) likewise are unfounded. The authority of IRS employees is derived from the entirety of the Internal Revenue Code (not just Subtitle E), Treasury Regulations and other redelegations of authority. The authority of IRS employees does not depend upon the possession of a "pocket commission" or any other type of official orders issued by the government permitting IRS employees to carry out the functions of the IRS. *See Gunselman v. Commissioner*, 85 T.C.M. (RIA) 756, 2003 WL 76108 (2003).

## IV. CONCLUSION

The Court finds that the plaintiffs have failed to effect service process, and, as a result, the Court lacks personal jurisdiction over them. The Court also finds that the defendants failed to name a proper defendant, failed to establish an effective waiver of sovereign immunity and failed to state any legally valid claim upon which relief may be granted.

Accordingly, IT IS HEREBY ORDERED that the defendants' motion for dismiss (doc. 6) is hereby **GRANTED**.