Stephen A. TANNER; Jacquelyn E. Tanner, and the marriage community of Stephen A. and Jacquelyn Tanner, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 99–35277.

D.C. No. CV–96–00506–EJL.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2001 *.

Decided May 23, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before McKEOWN, W. FLETCHER and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Appellants Stephen A. Tanner and Jacquelyn E. Tanner ("Taxpayers") appeal the partial grant of summary judgment in favor of the United States (the "Government") dismissing Taxpayers' complaint seeking to quiet title in certain real property against tax liens for allegedly unpaid taxes for the years 1984–89. Taxpayers contend the district court's order contained the following three reversible errors: 1) the district court improperly considered evidence that should have been excluded under Rule 37(c) of the Federal Rules of Civil Procedure; 2) Taxpayers had inadequate time for discovery before summary judgment was granted; and 3) the Government provided insufficient evidence to support summary judgment.

■ This Court reviews for an abuse of discretion a district court's decision on whether to exclude evidence under Rule 37. See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 367 (9th Cir.1992). Rule 37(c)(1) provides for the exclusion of evidence that was not disclosed pursuant to Rule 26(a). Rule 26(a)(1), which covers the initial disclosures Taxpayers assert were not provided, requires that such disclosures be made within 10 days after the Rule 26(f) meeting. As Taxpayers admit that no Rule 26(f) meeting was held, the Government was not required to make the initial disclosures. The Government's evidence supporting summary judgment therefore could not be excluded under Rule 37(c)(1).

This Court reviews a denial of a request to stay summary judgment and continue discovery pursuant to Rule 56(f) of Federal Rule of Civil Procedure for an abuse of discretion. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). In Taxpayers' Rule 56(f) motion, the only allegedly discoverable evidence identified was Taxpayers' 23C Forms. Taxpayers have not provided any evidence disputing the Government's declaration that the IRS no longer prepares Form 23C, nor have Taxpayers identified any other evidence they believe is discoverable. Taxpayers, therefore, are not entitled to additional discovery. See Terrell, 935 F.2d at 1017 (holding Rule 56(f) does not require additional discovery unless the party opposing summary judgment shows the existence of additional essential and discoverable evidence).

■ We review a grant of summary judgment de novo. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993). Taxpayers assert that the Government's tax liens are invalid because the Government did not assess taxes for the years covered by the tax liens, did not issue any notice of assessment or demand for payment as required by 26 U.S.C. § 6303(a), and did not send Taxpayers their Form 4340 Certificate of Assessments and Payments.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The Government submitted Form 4340s for each Taxpayer for the tax years in question. These forms set forth for the relevant taxable years: Taxpayers' names and Social Security numbers; the amounts of tax, penalties, and interest assessed; the type of tax assessed; the period for which the tax was assessed; the date on which the tax was assessed (the "23C date"); and the dates various notices were issued to Taxpayers. Because the 4340 form included all the required information (*see* 26 U.S.C. § 6203; 26 C.F.R. § 301.6203), the Government submitted presumptive evidence that Taxpayers were given all the documentation to which they were entitled. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir.1993) (per curiam) (citing *James v. United States*, 970 F.2d 750, 755 (10th Cir.1992) (notices of assessment satisfy the requirement of 26 U.S.C. § 6203 that the government provide a copy of the record of assessment)).

Additionally, Taxpayers' Form 4340s provide presumptive evidence that the Government sent timely notices and demands to Taxpayers for tax years 1987–89. *See Hansen*, 7 F.3d at 138; *see also Huff v. United States*, 10 F.3d 1440, 1445–46 (9th Cir.1993) (concluding that Form 4340 which includes the "23C date" provides presumptive evidence that a tax has been validly assessed). Because they have failed to present any evidence to rebut the presumption created by the Form 4340s, Taxpayers have failed to create a triable issue of material fact that the assessments were improper. *See Hughes v. United States*, 953 F.2d 531, 535 (9th Cir.1992). Accordingly, the district court's grant of summary judgment in favor of the Govern-

ment on Taxpayers' quiet title claims was proper.

AFFIRMED.