T.C. Memo. 2003-22

UNITED STATES TAX COURT

MIRIAM-MAJADILLAS EISELSTEIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7613-02L.                    Filed January 22, 2003.

Miriam-Majadillas Eiselstein, pro se.

<u>Robert S. Scarbrough</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under I.R.C. section 6673.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and  all Rule references are to the Tax Court Rules of Practice and Procedure.

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact, and a decision may be entered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Background

Petitioner is a registered nurse.

On or about May 7, 1997, respondent received from petitioner her Federal income tax return for 1996. Petitioner listed her income and tax liability as zero and requested a refund of $8,119.90--the amount of Federal income tax withheld by her employers. Petitioner attached the following to her 1996 return: (1) A two-page statement containing frivolous arguments, (2) a Form W-2, Wage and Tax Statement, from Valley Medical Center listing $58,973.92 in wages paid to her, and (3) a Form W-2 from St. Joseph Medical Center listing $3,757 in wages paid to her.

On or about May 4, 1998, respondent received from petitioner her Federal income tax return for 1997. Petitioner listed her income and tax liability as zero and requested a refund of

$3,723.41--the amount of Federal income tax withheld by her employer. Petitioner attached the following to her 1997 return: (1) A two-page statement containing frivolous arguments, and (2) a Form W-2 from Valley Medical Center listing $72,173.66 in wages paid to her.

On January 8, 1999, respondent sent petitioner separate statutory notices of deficiency for 1996 and 1997. Respondent determined a $12,609 deficiency and a $898 penalty pursuant to section 6662(a) for 1996 and a $15,285 deficiency and a $2,312.32 penalty pursuant to section 6662(a) for 1997. Petitioner received both these notices of deficiency.

On or about May 7, 1999, respondent received from petitioner her Federal income tax return for 1998. Petitioner listed her income and tax liability as zero and requested no refund--she had no Federal income tax withheld by her employer or the Washington State lottery. Petitioner attached the following to her 1998 return: (1) A two-page statement containing frivolous arguments, (2) a Form W-2 from Valley Medical Center listing $79,788.01 in wages paid to her, and (3) a Form W-2G, Statement for Recipients of Certain Gambling Winnings, from the Washington State lottery listing $1,000 of gross winnings won on June 27, 1998.

On February 25, 2000, respondent sent petitioner a statutory notice of deficiency for 1998. Respondent determined a $17,779 deficiency and $3,555.80 in penalties pursuant to section 6662(a)

and (b)(1) for 1998.  Petitioner received this notice of deficiency.

Petitioner did not petition the Court for redetermination of the deficiencies or penalties with respect to 1996, 1997, or 1998.  On June 14, 1999, respondent assessed petitioner's tax liabilities, along with penalties and interest, for 1996 and 1997.  On August 7, 2000, respondent assessed petitioner's tax liability, along with penalties and interest, for 1998.

On or about June 7, 2001, respondent filed a Notice of Federal Tax Lien regarding petitioner's income tax liabilities for 1996, 1997, 1998, 1999, and 2000 with the county auditor of King County, Seattle, Washington (tax lien).  The tax lien listed the following amounts owed:

| Tax Period | Type of Tax | Amount Owed |
|------------|-------------|-------------|
| 1996 | 1040 | $6,452.24 |
| 1997 | 1040 | 15,190.72 |
| 1998 | 1040 | 23,781.91 |
| 1996 | CIVP | 500.00 |
| 1997 | CIVP | 500.00 |
| 1998 | CIVP | 500.00 |
| 1999 | CIVP | 500.00 |
| 2000 | CIVP | 500.00 |

On June 12, 2001, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding her income tax liabilities for 1996, 1997, and 1998 (hearing notice).

On or about June 25, 2001, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing, regarding

her 1996, 1997, 1998, 1999, and 2000 tax years (hearing request).[2]

Petitioner attended an Appeals Office hearing (hearing) with Appeals Officer J.A. Vander Linden. The Appeals officer reviewed petitioner's administrative file and transcripts of account for the years in issue. At the hearing, petitioner raised only frivolous issues and arguments.

On March 22, 2002, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner regarding her 1996, 1997, and 1998 tax years (notice of determination). In the notice of determination, respondent determined that the Federal Tax Lien should remain in place.

On April 22, 2002, petitioner timely filed a petition for lien or levy action under Code section 6320(c) or 6330(d) seeking review of respondent's determination to proceed with collection of petitioner's 1996, 1997, and 1998 tax liabilities.

On November 6, 2002, respondent filed a motion for summary judgment and to impose a penalty under section 6673. Attached as exhibits to the motion for summary judgment are literal transcripts and computer generated transcripts (TAXMODA) of

---

[2] On Sept. 6, 2002, we dismissed for lack of jurisdiction the portions of the petition that related to the sec. 6702 frivolous return penalties for 1996 through 1999 and the sec. 6682 false withholding information penalty for 2000.

petitioner's accounts for 1996, 1997, and 1998.

On November 8, 2002, the Court ordered petitioner to file a response to respondent's motion for summary judgment on or before December 9, 2002. Petitioner did not file a response to respondent's motion for summary judgment.

Discussion

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

The petition in this case is a 16-page document filled with frivolous, tax-protester arguments. Petitioner appears to challenge the underlying liability. Petitioner received statutory notices of deficiency for each of the years in issue and did not file a petition for redetermination. Accordingly, petitioner cannot contest the underlying deficiencies for 1996, 1997, and 1998. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).

Where the validity of the underlying tax liability is not

properly in issue, we review respondent's determination for an abuse of discretion.  Sego v. Commissioner, supra at 610.

Petitioner appears to argue that at the hearing she was not provided documents demonstrating that the verification requirement of section 6330 had been met.  At the hearing, the Commissioner is not required to provide the taxpayer with a copy of verification that the requirements of any applicable law or administrative procedure had been met.  Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).  In any event, petitioner has received copies of her transcripts of account for the years in issue.  See Villwock v. Commissioner, T.C. Memo. 2002-235 n.4. Accordingly, we conclude that respondent did not abuse his discretion by not providing this information to petitioner at the hearing.

Petitioner also appears to argue that the documents furnished to her fail to show that the verification requirement of section 6330 has been met.  Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  E.g., Schnitzler v. Commissioner, T.C. Memo. 2002-159 (citing five other cases to support this principle).  We have repeatedly held that the Commissioner may rely on transcripts of account to satisfy the verification requirement of section 6330(c)(1).  Id.; Kaeckell v. Commissioner, T.C. Memo. 2002-114; Obersteller v.

Commissioner, T.C. Memo. 2002-106; Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcripts of account. Davis v. Commissioner, 115 T.C. 35, 41 (2000); Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the verification requirement of section 6330(c)(1) has been satisfied. Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4).

Accordingly, we conclude that respondent did not abuse his discretion and sustain respondent's determination.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay. In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued

an unequivocal warning to taxpayers concerning the imposition of a penalty pursuant to section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the petition and several other documents petitioner has submitted to the Court, petitioner raised frivolous tax-protester arguments and contentions that we have previously rejected and which we conclude were interposed primarily for delay. This has caused the Court to waste its limited resources. Accordingly, we shall impose a penalty of $5,000 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.