T.C. Memo. 2003-40

UNITED STATES TAX COURT

WILLIAM G. KOENIG, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10236-02L.          Filed February 24, 2003.

William G. Koenig, pro se.

<u>Wendy S. Harris</u> and <u>Glenn Thomas</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion For Summary Judgment And To Impose A
Penalty Under I.R.C. Section 6673, filed pursuant to Rule 121.[1]
Respondent contends that there is no dispute as to any material

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

fact with respect to this lien action and that respondent's determination to proceed with collection of petitioner's outstanding tax liability for 1998 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for

summary judgment.

Background

The record establishes and/or the parties do not dispute the following:

A.  Petitioner's Form 1040 for 1998

On or about April 15, 1999, William G. Koenig (petitioner) submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1998.  Petitioner listed his address on his Form 1040 as 7820 Summer Harvest Avenue, Las Vegas, Nevada 89129 (petitioner's Las Vegas address).  Petitioner did not describe his occupation on his Form 1040, although he did attach a Form W-2, Wage and Tax Statement, identifying him as an employee.

Petitioner entered zeros on all lines of the income portion of his Form 1040, specifically including line 7 for wages, line 22 for total income, lines 33 and 34 for adjusted gross income, and line 39 for taxable income.  Petitioner also entered a zero on line 40 for tax.  Petitioner then claimed a refund in the amount of $2,228.31, which was equal to the amount of Federal income tax that had been withheld from his wages by his employer.

As previously indicated, petitioner attached to his Form 1040 a Form W-2 disclosing the payment of wages to him during the taxable year in issue.  The Form W-2 was from Tri-State Fire Protection, Inc. of Las Vegas, Nevada; it disclosed the payment

of wages to petitioner in the amount of $40,592 and the withholding of Federal income tax in the amount of $2,228.31.

Petitioner also attached to his Form 1040 a two-page typewritten statement that stated, in part, as follows:

> I, <u>William G. Koenig,</u> am submitting this as part of my 199<u>8</u> income tax return, even though I know that no section of the Internal Revenue Code:
>
> 1) Establishes an income tax "liability" * * * ;
>
> 2) Provides that income taxes "have to be paid on the basis of a return" * * * ;
>
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places.
>
>> a) In one place, it states that I need only file a return for "any tax" I may be "liable" for. Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return.
>
> * * * * * * *
>
> 5) Please note, that my 199<u>8</u> return also constitutes a claim for refund pursuant to Code Section 6402.
>
> 6) It should also be noted that I had "zero" income according to the Supreme Court's definition of income (See Note #1) * * * .
>
> 7) I am also putting the IRS on notice that my 199<u>8</u> tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702. * * *
>
> * * * * * * *
>
> 10) In addition, don't notify me that the IRS is "changing" my return, since there is no statute that allows the IRS to do that. You might prepare a return

(pursuant to Code Section 6020(b)), where no return is filed, but as in this case, a return has been filed, no statute authorizes IRS personnel to "change" that return.

* * * * * * *

*<u>Note #1:</u> The word "income" is not defined in the Internal Revenue Code. * * * But, as stated above, it can only be a derivative of corporate activity. * * *

B.  <u>Respondent's Notice of Deficiency</u>

On February 18, 2000, respondent (acting through Deborah S. Decker, Director of the Customer Service Center in Ogden, Utah) issued a notice of deficiency to petitioner for the taxable year 1998.  Respondent mailed the notice to petitioner at his Las Vegas address.  In the notice, respondent determined a deficiency in petitioner's Federal income tax and an accuracy-related penalty as follows:

| Year | Deficiency | Accuracy-related Penalty Sec. 6662(a) |
|------|-----------|---------------------------------------|
| 1998 | $6,148 | $783.93 |

Insofar as his ultimate tax liability was concerned, respondent gave petitioner credit for the amount withheld from his wages.  However, we observe that the determination of a statutory deficiency does not take such withheld amount into account.  See sec. 6211(b)(1).

The deficiency in income tax was based on respondent's determination that petitioner failed to report wages in the amount of $40,592, as well as interest in the amount of $88.

Petitioner did not contest respondent's deficiency determination by filing a petition for redetermination with this Court. Accordingly, on July 24, 2000, respondent assessed the determined deficiency and accuracy-related penalty, as well as statutory interest. On that same day, respondent sent petitioner a notice of balance due, informing him that he had a liability for 1998 and requesting that he pay it. Petitioner failed to pay the amount owing. About a month later, on August 28, 2000, respondent sent petitioner a second notice of balance due. Again, petitioner failed to pay the amount owing.

C. Respondent's Lien Notice and Petitioner's Response

On October 25, 2001, respondent filed a notice of Federal tax lien with the County Recorder of Clark County (Las Vegas), Nevada. Respondent filed the notice in respect of petitioner's income tax liability for 1998, the unpaid assessed balance of which was $5,225.10 at the time that the notice was filed.[2]

On October 30, 2001, respondent mailed to petitioner at his Las Vegas address a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 in respect of his outstanding tax liability.

---

[2] Respondent also filed the notice of Federal tax lien in respect of petitioner's outstanding liability for civil penalties under sec. 6702 (relating to frivolous income tax returns) for 1998 and 1999. Petitioner's liability for those penalties is not before us in the instant case. See Van Es v. Commissioner, 115 T.C. 324 (2000).

On November 30, 2001, petitioner filed with respondent Form 12153, Request for a Collection Due Process Hearing.[3]  The request, which listed petitioner's Las Vegas address, was accompanied by a two-page typewritten statement that acknowledged receipt of the foregoing Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.  The statement included, inter alia, a challenge to the existence of the underlying tax liability for 1998, as well as allegations including: (1) Petitioner never received a "valid" notice of deficiency or a "statutory" notice and demand for payment and (2) the Appeals officer failed "to identify the statute that makes me 'liable to pay' the taxes at issue".  Petitioner also requested verification from the Secretary that all applicable laws and administrative procedures were followed with regard to the assessment and collection of the tax liability in question.

D.  The Appeals Office Hearing

By letter dated March 8, 2002, Appeals Officer Jerry L. Johnson (the Appeals officer) scheduled an administrative hearing with petitioner in respondent's Appeals Office in Las Vegas, Nevada.  The Appeals officer then went on to state, in part, as follows:

> Please note that in circumstances where it is allowable
> to dispute the underlying liability * * * , the
> administrative appeal procedures do not extend to

---

[3] The request was postmarked Nov. 26, 2001.

arguments involving the failure or refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds. To my knowledge, such arguments have never been successful in a court of law and I will not consider as valid any arguments of that nature in the collection due process hearing.

In preparation for the hearing, I have requested transcripts showing the contested assessments and plan to have copies available for you.

By letter dated April 1, 2002, the Appeals officer contacted petitioner about the scheduled administrative hearing and stated, in part, as follows:

I believe the purpose of a CDP [collection due process] hearing is to ensure that the government's need to collect the proper tax is balanced with the taxpayer's need that the collection process be no more intrusive than necessary. To accomplish that goal, section 6320(c)(1) of the I.R.C. first places a requirement of investigation upon me. The section does not state that I need to convince you that the requirements of law or procedure have been met, or even that I provide such evidence to you. It only requires that I obtain verification that the requirements of applicable law or administrative procedure have been met.

In the case of Tanner v. U.S., (CA-9) 2001-1 U.S.T.C. 50444, the Ninth Circuit Court of Appeals stated that the requirements of the section can be met by my review of a form 4340, certificate of assessment and payment. I have obtained that document and though not required to do so, it is provided to you with this letter. My review of it and the other documents in your administrative file have convinced me that (a) the disputed amounts were properly assessed, and (b) the disputed amounts were properly billed.

On April 22, 2002, petitioner attended an administrative hearing in Las Vegas, Nevada, conducted by the Appeals officer. At the hearing, petitioner acknowledged receiving Form 4340,

Certificate of Assessments, Payments and Other Specified Matters, pertaining to his account for the taxable year 1998. At the hearing, petitioner did not contradict the Appeals officer's assertion that petitioner had received the notice of deficiency (see supra "B"). However, petitioner did allege that he never received "a statutory notice and demand for payment" (emphasis in the original), and he requested a copy of the "summary record of assessment". Petitioner also requested that the Appeals officer provide verification that all applicable laws and administrative procedures had been followed in the assessment and collection process; in this regard, petitioner was informed by the Appeals officer that the transcript provided (i.e., Form 4340) was sufficient to satisfy the verification requirement of section 6330(c)(1). In addition, petitioner stated that he was challenging the underlying liability. Finally, in response to the Appeals officer's question whether petitioner wished to discuss collection alternatives, petitioner stated that "I'm prepared to pay * * * if you can convince me * * * where my liability is."

In a letter dated April 22, 2002, that was sent immediately after the administrative hearing, the Appeals officer mailed petitioner copies of relevant statutes and court cases, including Davis v. Commissioner, T.C. Memo. 2001-87, in which this Court imposed on the taxpayer a $4,000 penalty pursuant to section

6673(a) for making frivolous and groundless arguments in a collection review proceeding.

E.  Respondent's Notice of Determination

On May 7, 2002, respondent's Appeals Office mailed to petitioner, at his Las Vegas address, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to his tax liability for 1998.  In the notice, the Appeals Office concluded that respondent's determination to proceed with collection should be sustained.

F.  Petitioner's Petition

On June 10, 2002, petitioner filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notice of determination.  In the petition, petitioner identified his Las Vegas address as his current address, and he attached as exhibits a number of documents, including the notice of determination (see supra "E").

The petition includes allegations that: (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) the Appeals officer failed to identify the statutes making petitioner liable for Federal income tax; (3) petitioner never received a "valid" notice of deficiency; (4) petitioner never received a "statutory" notice and demand for payment; and (5) petitioner was denied the

opportunity to challenge the existence or amount of his underlying tax liability.  The petition contains no facts in support of any of these allegations.

G.  Respondent's Motion For Summary Judgment

As stated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673.  Respondent also filed a Declaration in support of the motion.  Attached to the Declaration is, inter alia, Form 4340 for petitioner's account for 1998.  The Form 4340 shows, inter alia: (1) An Assessment on July 24, 2000, in respect of the taxable year 1998; and (2) the issuance of a notice of balance due on the date of the assessment.  See supra "B".

Petitioner filed an Objection to respondent's motion, disagreeing, inter alia, with the imposition of any penalty under section 6673, in part because "I.R. Code Section 6673 does not have the 'force and effect of law.'".  Petitioner also repeated his allegation that he never received a "valid" notice of deficiency; i.e., one signed by the Secretary or someone with delegated authority from the Secretary.

Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.  Petitioner did not attend the hearing, nor did he submit any written statement pursuant to Rule 50(c).

Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when demand for payment of that person's liability for taxes has been made and the person fails to pay those taxes. The lien arises when the assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Behling v. Commissioner, 118 T.C. 572, 575 (2002).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day the notice of lien is filed. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within the 30-day period beginning on the day after the 5-day period described above. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness

of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence or the amount of the underlying tax liability can be contested at an Appeals Office hearing if the person did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. Goza v. Commissioner, 114 T.C. 176, 180-181 (2000); see Sego v. Commissioner, 114 T.C. 604, 609 (2000). Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or Federal District Court.

A. Summary Judgment

In his petition, petitioner challenges the existence of the underlying tax liability. Respondent contends that petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liability in this collection review proceeding because petitioner received a notice of deficiency for the tax in question. Respondent deduces the factual predicate for this contention from the fact that the notice of deficiency was mailed to petitioner at his last known address and from petitioner's failure to deny receiving the notice of deficiency. Rather, petitioner only denied receiving a "valid" notice of deficiency. See Kiley v. Commissioner, T.C. Memo. 2002-315 (taxpayer's denial of receiving "valid" notice of deficiency" did not mean that taxpayer failed to receive notice

of deficiency); <u>Rennie v. Commissioner</u>, T.C. Memo. 2002-296 (taxpayer's denial of receiving "legal" notice of deficiency did not mean that taxpayer failed to receive notice of deficiency); <u>Schmith v. Commissioner</u>, T.C. Memo. 2002-252 (taxpayer's denial of receiving "valid" notice of deficiency did not mean that taxpayer failed to receive notice of deficiency); see also <u>Nestor v. Commissioner</u>, 118 T.C. 162, 165-166 (2002) (section 6330(c)(2)(B) bars a taxpayer from challenging the existence or amount of the taxpayer's underlying tax liability in a collection review proceeding if the taxpayer received a notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court).

Rule 121(d) provides in relevant part as follows:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.

In his petition, petitioner does not indicate on what basis he challenges "the existence of the underlying liability".  His failure to do so is contrary to Rule 331(b)(5), requiring "Clear and concise lettered statements of the facts on which the petitioner bases each assignment of error."  Cf. <u>Parker v. Commissioner</u>, 117 F.3d 785 (5th Cir. 1997); <u>White v.</u>

<u>Commissioner</u>, T.C. Memo. 1997-459.  Petitioner's failure to do so after the filing of respondent's motion for summary judgment is contrary to Rule 121(d) and justifies summary judgment for respondent on this issue.[4]  See <u>Kiley v. Commissioner</u>, <u>supra</u>.

Petitioner also challenges "the appropriateness of the collection action".  Again, however, he fails to allege any facts in support of this assignment of error.  See Rule 331(b)(5).  Moreover, he fails to suggest any alternative means of collection.[5]  See, e.g., sec. 6330(c)(2)(A)(iii).  As before, petitioner's failure to do so after the filing of respondent's

---

[4]  Even if petitioner were permitted to challenge his underlying tax liabilities, it is clear that the arguments he has advanced (see <u>supra</u> Background, "A") are frivolous and groundless.  E.g., <u>Keene v. Commissioner</u>, T.C. Memo. 2002-277.  In addition, petitioner's argument that the notice of deficiency was invalid because it was not signed by the Secretary or someone with delegated authority from the Secretary is itself frivolous and groundless.  See <u>Nestor v. Commissioner</u>, 118 T.C. 162, 165-166 (2002).

[5]  We regard as nothing other than tax protest theatrics, petitioner's assertion that he was "prepared to pay the tax at issue" if only the Appeals officer would show him "where my liability is."

Regarding petitioner's liability, suffice it to say: (1) Petitioner is a taxpayer subject to the Federal income tax; see secs. 1(c), 7701(a)(1), (14); (2) compensation for labor or services rendered constitutes income subject to the Federal income tax; sec. 61(a)(1); <u>United States v. Romero</u>, 640 F.2d 1014, 1016 (9th Cir. 1981); see also sec. 61(a)(4); (3) petitioner is required to file an income tax return; sec. 6012(a)(1); and (4) the Commissioner and his agents are authorized to enforce the provisions of the Internal Revenue Code; see I.R.C. chs. 78, 80.  See <u>Davich v. Commissioner</u>, T.C. Memo. 2002-255; see also <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

motion for summary judgment is contrary to Rule 121(d) and justifies summary judgment for respondent on this issue.

We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The record shows that the Appeals officer obtained and reviewed a transcript of petitioner's account for 1998.

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document (e.g., the summary record itself rather than a transcript of account) to satisfy the verification requirement imposed therein.  Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Standifird v. Commissioner, T.C. Memo. 2002-245; Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.  In this regard, we observe that the Form 4340 furnished to petitioner by the Appeals

officer and attached to respondent's Declaration contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See <u>Weishan v. Commissioner</u>, <u>supra</u>; <u>Lindsey v. Commissioner</u>, <u>supra</u>; <u>Tolotti v. Commissioner</u>, <u>supra</u>; <u>Duffield v. Commissioner</u>, <u>supra</u>; <u>Kuglin v. Commissioner</u>, <u>supra</u>.[6] Petitioner has not alleged any irregularity in the assessment procedure that would raise a legitimate question about the validity of the assessment or the information contained in the Form 4340. See <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000); <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that he never received a "statutory" notice and demand for payment of his tax liability for 1998. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

---

[6] To the extent that petitioner may be arguing that the Appeals officer failed to provide him with a copy of the verification, we note that sec. 6330(c)(1) does not require that the Appeals officer provide the taxpayer with a copy of the verification at the administrative hearing. <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002); sec. 301.6330-1(e)(1), Proced. & Admin Regs. In any event, both the Appeals officer and respondent's counsel provided petitioner with a Form 4340 for the taxable year in issue.

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

In particular, Form 4340 shows that respondent sent petitioner a notice of balance due on the same date that respondent made the assessment against petitioner for the tax and accuracy-related penalty determined in the notice of deficiency. A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Schaper v. Commissioner, T.C. Memo. 2002-203; Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993). In addition, other notices were sent to petitioner, at least one of which (the notice of tax lien filing, discussed supra Background, "C") petitioner admittedly received; likewise, petitioner received the Form 4340. Such notice and form were sufficient to constitute notice and demand within the meaning of section 6303(a) because they informed petitioner of the amount owed and requested payment. Standifird v. Commissioner, supra; Hack v. Commissioner, T.C. Memo. 2002-244; Hack v. Commissioner, T.C. Memo. 2002-243; see Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990) ("The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the

taxpayer with all the information required under 26 U.S.C. § 6303(a)."").

Finally, petitioner has failed to raise a spousal defense, and any such issue is now deemed conceded.  Rule 331(b)(4).  In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated May 7, 2002.

B.  Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000), and has in fact imposed a penalty in many such cases.[7]

---

[7]  E.g., Craig v. Commissioner, 119 T.C. 252 (2002) (imposing a penalty in the amount of $2,500); Roberts v. Commissioner, 118 T.C. 365 (2002) (imposing a penalty in the amount of $10,000); Eiselstein v. Commissioner, T.C. Memo. 2003-22 (imposing a penalty in the amount of $5,000); Gunselman v. Commissioner, T.C. Memo. 2003-11 (imposing a penalty in the amount of $1,000); Young v. Commissioner, T.C. Memo. 2003-6 (imposing a penalty in the amount of $500); Robinson v.

(continued...)

We are convinced that petitioner instituted the present proceeding primarily for delay. In this regard, it is clear that petitioner regards this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless. E.g., Tolotti v. Commissioner, T.C. Memo. 2002-86. In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Also relevant is the fact that the petitioner was made aware of the fact that he could be subject to a penalty for instituting or maintaining a lien or levy action primarily for delay or for advancing frivolous or groundless arguments in such an action. In this regard, the Appeals officer's letter dated April 22, 2002, furnished petitioner with a copy of Davis v. Commissioner, T.C. Memo. 2001-87, a case in which this Court imposed on the taxpayer a $4,000 penalty pursuant to section 6673(a) for making frivolous and groundless arguments in a collection review

---

[7](...continued)
Commissioner, T.C. Memo. 2002-316 (imposing a penalty in the amount of $2,500); Kiley v. Commissioner, T.C. Memo. 2002-315 (imposing a penalty in the amount of $5,000); Rennie v. Commissioner, T.C. Memo. 2002-296 (imposing a penalty in the amount of $1,500); Tornichio v. Commissioner, T.C. Memo. 2002-291 (imposing a penalty in the amount of $12,500); Keene v. Commissioner, T.C. Memo. 2002-277 (imposing a penalty in the amount of $5,000), and numerous other cases cited therein at n.14.

proceeding. Prior letters from the Appeals officer also furnished petitioner with relevant information in this regard.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $2,000.

C. <u>Conclusion</u>

We have considered all of petitioner's arguments that are not discussed herein, and we find them to be without merit and/or irrelevant.

In order to give effect to the foregoing,

<u>An appropriate order granting</u>
<u>respondent's motion and decision</u>
<u>for respondent will be entered</u>.