T.C. Memo. 2004-192

UNITED STATES TAX COURT

ROBERT & POLLY A. GATLOS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15827-03L.                    Filed August 26, 2004.

Robert and Polly A. Gatlos, pro sese.

<u>Jeffrey C. Venzie</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121,[1] and to impose a penalty under section 6673.

Summary judgment is a procedure designed to expedite

_____

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years at issue.

litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The facts material to the Court's disposition of the motion for summary judgment are stated solely for purposes of deciding the motion and are not findings of fact for this case. See Sundstrand Corp. v. Commissioner, supra at 520.

## Background

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioners' unpaid Federal income tax liabilities for 1996 and 1999. When the petition in

this case was filed, petitioners resided in Nottingham, Pennsylvania.

Petitioners timely filed joint Federal income tax returns for 1996 and 1999 showing balances due. Respondent assessed the income tax liabilities shown on the returns as well as interest and the additions to tax for failure to pay tax under section 6651(a)(2).

Petitioners made some payments that were applied to their 1996 and 1999 tax liabilities but did not pay the liabilities in full. Following the receipt of a communication from petitioners in which petitioners claimed that they were not liable for any income tax, respondent sent petitioners a Letter 1058, Final Notice - Notice of Intent To Levy and Notice of Your Right to a Hearing, dated July 2, 2002, with respect to their unpaid 1996 and 1999 tax liabilities. The final notice was issued and signed by Michael C. Sutton, a revenue officer, who was a GS-11 employee of the Internal Revenue Service on the date the final notice was issued.

On July 30, 2002, respondent received a "Claim for Relief From Alleged Notice of Lien or Levy" from petitioners in which petitioners asserted various frivolous arguments. Because of the frivolous nature of petitioners' arguments, respondent initially refused to treat the claim as a timely request for a hearing under section 6330 and initiated a levy action against

petitioners. However, respondent subsequently determined that petitioners' claim was a timely request for a section 6330 hearing and released the levy.

By letter dated May 19, 2003, Appeals Officer Paula Stanton advised petitioners that she had scheduled the requested hearing for June 3, 2003, at 10 a.m. In that letter, Appeals Officer Stanton warned petitioners that "I cannot consider issues concerning the constitutionality of tax laws."

Petitioners did not attend the hearing scheduled for June 3, 2003, and did not contact Appeals Officer Stanton to schedule a new hearing. By letter dated June 3, 2003, and labeled "FINAL OPPORTUNITY", Appeals Officer Stanton warned petitioners that if she did not hear from them on or before June 13, 2003, she would issue a determination letter based on current information.

By letter dated June 30, 2003, Appeals Officer Stanton rescheduled the hearing requested by petitioners for July 8, 2003. On July 8, 2003, the hearing was held. Petitioner Polly Gatlos participated in the hearing. At the hearing, Mrs. Gatlos challenged the constitutionality of the Internal Revenue Code and refused to discuss collection alternatives. Petitioners raised no relevant issue at the July 8 hearing.

On August 11, 2003, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the notice of determination). In the notice of

determination, respondent determined, in pertinent part, as follows:

1. The presiding appeals officer had had no prior involvement with respect to the unpaid liabilities.

2. Respondent sent the notices required by sections 6330 and 6331(d).

3. Petitioners did not raise any spousal defenses or request a collection alternative. The only argument raised by petitioners at the hearing was that the Internal Revenue Code is unconstitutional.

4. The proposed levy balances respondent's need for efficient tax collection with the taxpayers' legitimate concern that any collection be no more intrusive than necessary.

On September 15, 2003,[2] this Court filed petitioners' petition in which petitioners contested the determination made by respondent in the notice of determination dated August 11, 2003. In their petition, petitioners gave the following reasons for seeking relief:

> Section 7608(a) of the Internal Revenue Code only provides Revenue Officers with the authority to enforce subtitle E taxes, (liquor, tobacco and fire arms,) while the "Enforcement of laws relating to internal revenue other than subtitle E" taxes are delegated (in 7608(b)) to "Any criminal investagator [sic] of the Intelligence Division or of the Internal Security Division. Since the person executing the Notice of

---

[2]The envelope in which the petition was mailed was postmarked Sept. 8, 2003.

Lien does not fall into the category of IRS agent as defined in 26 U.S.C. 7608(b), he can have no delegated authouity [sic] to issue Notices of Liens with the respect to income taxes.  Revenue Code Sec. 6331(a) "AUTHORITY OF THE SECRETARY" "levy may be made upon the accrued salary and wages of any officer, employee or elected official of the United States"  We are not one of the person(s) listed in the code.  (No Commissioner signature).

On June 15, 2004, "RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND TO IMPOSE A PENALTY UNDER I.R.C. § 6673" was filed.  By order dated June 29, 2004, we required petitioners to file a response to respondent's motion by July 20, 2004.  Petitioners failed to file a response.

Discussion

A.  Section 6330

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary[3] has notified such person in writing of the right to a hearing

---

[3]Sec. 7701(a)(11)(B) provides:  "The term 'Secretary' means the Secretary of the Treasury or his delegate."  Sec. 7701(a)(12)(A) provides:

(A) In general.--The term "or his delegate"--

(i) when used with reference to the Secretary of the Treasury, means any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context; and

before the levy is made. If the person makes a request for a hearing, a hearing shall be held before an impartial officer or employee of the Internal Revenue Service Office of Appeals. Sec. 6330(b)(1). At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). Additionally, at the hearing, a taxpayer may contest the existence or amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed. In so doing, the Appeals Office is required to take into consideration the verification presented by the Secretary, the issues raised by the taxpayer, and whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3). The determination of the Appeals officer under section 6330, except a determination regarding the underlying tax liability that is made pursuant to section 6330(c)(2)(B), is reviewed for abuse of discretion. Sego

v. Commissioner, supra at 610. Where the underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying tax liability de novo. Id.

A hearing officer may rely on a computer transcript or Form 4340, Certificate of Assessments, Payments and Other Specified Matters, to verify that a valid assessment was made and that a notice and demand for payment was sent to the taxpayer in accordance with section 6303. Nestor v. Commissioner, 118 T.C. 162, 166 (2002). Absent a showing of irregularity, a transcript that shows such information is sufficient to establish that the procedural requirements of section 6330 have been met. Id. at 166-167.

In this case, the undisputed facts set forth in respondent's motion, declarations in support of the motion, and attached exhibits establish that respondent has satisfied the requirements of section 6330. Appeals Officer Stanton, who had had no prior involvement with respect to the unpaid tax liabilities before the section 6330 hearing as required by section 6330(b)(3), verified that proper assessments were made as reflected on computer transcripts attached to the motion for summary judgment and in the notice of determination, and that the requisite notices had been sent to the petitioners. Appeals Officer Stanton also considered petitioners' argument and rejected it as not relevant

and frivolous. Following the hearing, Appeals Officer Stanton made a determination upholding the proposed levy action after concluding that the proposed levy action appropriately balanced the need for efficient collection of taxes with petitioners' concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3).

In their petition, petitioners asserted three less-than-clear arguments in support of their contention that respondent's determination was erroneous:

(1) The revenue officer who executed a related notice of lien was not delegated authority to issue a notice of lien with respect to income taxes under section 7608(b).

(2) Petitioners were not subject to levy under section 6331(a).

(3) The Commissioner of Internal Revenue did not sign a document the identity of which petitioners did not specify. We address these arguments briefly below.

### Authority To Issue Final Notice of Intent To Levy

Petitioners' argument has no merit for several reasons. First, the relevant notice is the final notice of intent to levy, not a notice of lien that was not the subject of the notice of determination. Second, the Secretary or his delegate (including the Commissioner) is authorized to issue a final notice of intent to levy. Craig v. Commissioner, 119 T.C. 252, 263 (2002) (citing

sections 7701(a)(11)(B) and (12)(A)(i), 7803(a)(2)).  The Commissioner's authority to issue a final notice of intent to levy has been delegated to GS-9 and above revenue officers. Everman v. Commissioner, T.C. Memo. 2003-137 (citing Delegation Order No. 191 (Rev. 2; Oct. 1, 1999) (Rev.3; June 11, 2001)). Michael C. Sutton, the revenue officer who issued the final notice of intent to levy to petitioners on July 2, 2002, was classified as a GS-11 at the time he issued the notice.  The notice of intent to levy in this case was valid as it was issued to petitioners by a revenue officer with delegated authority to do so.

### Petitioners Are Persons Subject to Levy

Petitioners' argument that they are not persons subject to levy under section 6331(a) is also without merit.  Section 6331(a) specifically authorizes the Secretary to collect unpaid taxes from any person by levy upon all property and rights to property belonging to such person.  Section 7701(a)(1) defines "person" to include an individual.  Petitioners are individuals under section 7701(a)(1) and, therefore, are subject to levy under section 6331(a).

### No Signature by Commissioner

Although petitioners' argument is unclear, we shall interpret the cryptic reference, "no Commissioner signature", to mean that the final notice of intent to levy was invalid because

it was not signed by the Commissioner. Again, petitioners'
argument has no merit.

This Court has repeatedly rejected the argument that the
Commissioner is required to sign a final notice. See, e.g.,
Craig v. Commissioner, 119 T.C. at 263. There is no statutory
requirement that a final notice of intent to levy must be signed.
Everman v. Commissioner, supra. Moreover, even though there is
no statutory requirement that the notice be signed, the final
notice of intent to levy in this case was issued and executed by
Revenue Officer Michael Sutton to whom the Commissioner had
delegated the requisite authority.

The petition does not set forth any other assignments of
error with respect to the notice of determination. Any other
argument made by petitioners before or during the hearing was
frivolous, was not raised in the petition, and/or is deemed to be
conceded. Rule 331(b)(4). We conclude, therefore, that there
are no genuine issues of material fact and that respondent is
entitled to the entry of a decision in this case as a matter of
law.

B.  Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a
taxpayer to pay to the United States a penalty, not to exceed
$25,000, if it appears that the taxpayer has instituted or
maintained a proceeding primarily for delay, or that the

taxpayer's position is frivolous or groundless.  Section 6673(a)(1) applies to proceedings under section 6330.  Pierson v. Commissioner, 115 T.C. 576, 581 (2000).  In proceedings under section 6330, we have imposed the penalty on taxpayers who have raised frivolous and groundless arguments with respect to the legality of the Federal tax laws.  See, e.g., Roberts v. Commissioner, 118 T.C. 365, 372-373 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Eiselstein v. Commissioner, T.C. Memo. 2003-22; Yacksyzn v. Commissioner, T.C. Memo. 2002-99.

In this case, the record for purposes of respondent's motion clearly establishes that the only arguments made by petitioners during the administrative processing of this case were frivolous and/or groundless.  In their "Claim for Relief From Alleged Notice of Lien or Levy", petitioners argued, among other things, that they are not liable for income tax, and they challenged the Secretary's delegation of authority to IRS employees to collect unpaid taxes.  In their letter to respondent dated December 28, 2002, petitioners again raised several frivolous arguments including an argument that their tax liabilities were invalid because the Sixteenth Amendment does not authorize a direct, nonapportioned income tax on citizens.  At the hearing, Mrs. Gatlos again raised frivolous arguments regarding the constitutionality of the income tax.  In their petition, petitioners continued to assert frivolous and/or groundless

arguments.  After respondent filed his motion for summary judgment and we issued an order requiring petitioners to respond, petitioners did not comply with our order and did not file the required response.

Petitioners' conduct as summarized in this opinion demonstrates that this proceeding was instituted and maintained primarily for delay.  Moreover, every argument made by petitioners during the administrative appeal and in this Court was frivolous and/or groundless.  Consequently, a penalty under section 6673(a)(1) is warranted.  We shall require petitioners to pay to the United States a penalty under section 6673(a)(1) of $2,000.

<u>An appropriate order and decision will be entered</u>.